UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSEPH GALLAGHER and
CESAR GARCIA,

        Plaintiffs,

v.                         Case No:  2:24-cv-669-JES-NPM

BENNETT TRUCK TRANSPORT, LLC
a Foreign Limited Liability
Company,   and   JOHNNY   A.
CROSBY, an individual,

        Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of the Motion to Strike Lately Disclosed Witnesses (Doc. #54) filed by Plaintiffs Joseph Gallagher ("Gallagher") and Cesar Garcia ("Garcia") (collectively, "Plaintiffs") on March 4, 2026.  On March 9, 2026, Defendants Bennett Truck Transport, LLC ("Bennett Truck Transport") and Johnny A. Crosby ("Crosby") (collectively, "Defendants") filed a Response in Opposition (Doc. #55.)  For the reasons set forth below, Plaintiffs' motion is granted as set forth below.

**I.**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "[i]f a party fails to provide information or identify a witness

as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 26(a)(2)(D) requires the disclosure of expert testimony "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Moreover, "a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." Josendis v. Wall to Wall Repairs, Inc., 662 F.3d 1292, 1307 (11th Cir. 2011).

Accordingly, a trial court has "broad discretion" in managing its cases, and its decision concerning the exclusion of a lately disclosed witness will not be disturbed absent an abuse of discretion. Knight ex rel. Kerr v. Miami-Dade Cnty., 856 F.3d 795, 811 (11th Cir. 2017). Factors to be considered in this analysis include "the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party if the witness [were] allowed to testify." Id.

**II.**

In their Motion to Strike, Plaintiffs assert that the Case Management Scheduling Order ("CMSO") entered by the Court on September 26, 2024, set certain discovery deadlines, including a deadline for the disclosure of expert witnesses of July 10, 2025.

-2-

(Doc. #54 at 1-2.)   Nevertheless, according to Plaintiffs, Defendants disclosed an Expert Witness – Pamela Hernandez – 232 days after the expiration of the expert witness disclosure deadline and 168 days after the discovery deadline on February 26, 2026. Moreover, according to Plaintiffs, Defendants disclosed certain other witnesses – Bill Macauley and Scott Woodley – 168 days after the discovery deadline "making it impossible to issue written discovery and obtain information regarding payment, bias, and the witnesses' history in litigation."  (Id. at 2-3.)   These late disclosures have, according to Plaintiffs, resulted in great prejudice and Plaintiffs argue that the three witnesses should be stricken from Defendants' witness disclosure and should not be allowed to testify in this matter.  (Id. at 4.)

Defendants respond that the late disclosures were justified because, after the expiration of the discovery deadline pursuant to the CMSO, additional discovery was conducted by the parties by agreement.  Thus, certain information disclosed during discovery substantially justified the late disclosures. In any event, according to Defendants, the late disclosures were harmless to Plaintiffs because Defendants provided the reports to Plaintiffs by February 26, 2026, and Plaintiffs were given deposition dates prior to the April 2026 trial term.  (Doc. #55 at 3-5.)

In the absence of agreement among the parties, the Court will enforce the terms of its scheduling order against both sides. Plaintiffs will be precluded from utilizing at trial any document, testimony, or exhibit disclosed after the discovery cutoff date. Defendants will be precluded from utilizing at trial any witness or exhibit disclosed after the cutoff dates in the scheduling order.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion to Strike Lately Disclosed Witnesses (Doc. #54) is **GRANTED** as set forth above.

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

-4-